UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL J. SCHMALZ,

        Plaintiff,

  v.                                     Case No. 08-C-313

NICK OLESZAK, et al.,

        Defendants.

---

**DECISION AND ORDER**

---

This action arises out of Menasha Police Officer Nick Oleszak's arrest of Plaintiff Daniel Schmalz on April 19, 2002. Schmalz contends that Oleszak used excessive force in the arrest, and he seeks compensatory and punitive damages. Oleszak and his insurer have moved for summary judgment, arguing that no reasonable jury could conclude that excessive force was used; they further argue that Oleszak is entitled to qualified immunity and that there is no basis for a punitive damages award. For the reasons given below, the motion will be denied.

Schmalz was driving erratically on the night of April 19, 2002. Schmalz had been drinking at bars for nearly six hours, and he later tested at a .334 blood alcohol concentration. Officer Oleszak saw him driving erratically and attempted to stop him. Schmaltz states that he never noticed Oleszak behind him, even though the officer had turned on all of his emergency lights and flashers. Schmalz, according to Officer Oleszak, did pull his car over briefly and looked at the squad car in his rear mirror, but then he continued driving. Oleszak then turned on his siren, but Schmalz either ignored the siren or did not notice it. An apparently low-speed pursuit ensued for

a short distance, ending when Schmalz eventually pulled into the driveway of his house.

When Schmalz exited his truck, he headed quickly for the door to his house, which was only a few feet away. Oleszak ordered him to stop and get on the ground, but Schmalz instead opened his screen door and tried to enter his house. Oleszak then ran up to him, grabbed him and threw him to the ground. While Schmalz was underneath him, Oleszak handcuffed him. A neighbor witnessed most of the event, and according to her testimony there were several police officers there at the time. (Dkt. # 15, Peterson Aff., Ex. B at 8-11.) They "pounced" on Schmalz and, in her view, their actions appeared violent and aggressive, even though it was clear Schmalz was not being cooperative and was not submitting to the arrest. (*Id.*) In any event, Schmalz soon complained of pain, and Oleszak called an ambulance. At the hospital, Schmalz was diagnosed with a pelvic fracture, which one of his physicians later described as "a severe pelvic fracture following severe crush injury during police arrest by an extremely large police officer." (Dkt. # 15, Peterson Aff., Ex. D at 2.)

"[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor,* 490 U.S. 386, 395 (1989). This requires "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396. Naturally, such an inquiry is highly fact-intensive and "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citations omitted).

2

"[S]ince the *Graham* reasonableness inquiry 'nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly.'" *Abdullahi v. City of Madison,* 423 F.3d 763, 773 (7th Cir. 2005) (quoting *Santos v. Gates,* 287 F.3d 846, 853 (9th Cir. 2002)). The facts of the present case make it impossible to conclude, as a matter of law, that the Defendants are entitled to summary judgment. Although Schmalz was indeed very intoxicated, a jury could conclude that he posed little immediate threat to the officers or anyone else at the time, and there is no indication that he was belligerent or doing anything other than attempting to flee very ineffectually. This is especially true if other officers were also present. If the jury so concludes, it could find that the amount of force used – enough to break a pelvic bone – was unreasonable. By the same token, taking the facts in the light most favorable to Schmalz produces a scenario in which the Fourth Amendment violation would have been clearly established. *Pearson v. Callahan,* — U.S. —, 129 S.Ct. 808, 822 (2009). If a jury believed Schmalz, he was so oblivious that he didn't even know there was a police officer behind him. If that is true, a surprise tackle from behind, combined with the force that broke Schmalz's pelvis, could have been excessive, and that would have been a violation of clearly established Fourth Amendment law. As such, I conclude Oleszak is not entitled to qualified immunity.[1]

The same holds true for the punitive damages claim. In order to award punitive damages,

---

[1] Of course, *Graham* counsels that the facts are not to be viewed with the wisdom of 20 / 20 hindsight. Oleszak may thus argue to the jury why the force used was permissible based on what was known at the time, and it seems unlikely that a jury would have much reason to believe Schmalz's intoxicated version of the facts entirely. As Judge Evans points out in his dissent in *Abdullahi,* medical records are not enough to show excessive force. 423 F.3d at 776. There is no "res ipsa loquitur" doctrine in these cases, and in this case if there had not been a witness to the event it would have been a better candidate for summary judgment.

3

a jury must conclude that the officer's conduct had an evil or wanton motive, or that it was done with reckless disregard for the plaintiff's rights. *Estate of Moreland v. Dieter,* 395 F.3d 747, 756 (7th Cir. 2005). Although there seems to be little evidence of such conduct here, it is at least conceivable that a jury would believe that the force used was so excessive that it could have been motivated by cruelty (perhaps anger at Schmalz's refusal to pull over) or recklessness.

Finally, Defendants move to dismiss Cities and Villages Mutual Insurance Company as a party to this action. Plaintiff has not responded to this argument. Although Wisconsin allows direct actions against insurers, Wis. Stat. § 632.24, that ability is limited to negligence actions. This is an action under § 1983 alleging violation of Plaintiff's constitutional rights. As such, the direct action statute does not apply and Defendants are correct that Cities and Villages Mutual Insurance Company is not a proper defendant.

For the reasons set forth above, the motion for summary judgment is **DENIED**, except that any claims against Cities and Villages Mutual Insurance Company are **DISMISSED**.

**SO ORDERED** this 31st day of August, 2009.

                                                         s/ William C. Griesbach
                                                        William C. Griesbach
                                                        United States District Judge